FILED

2019 JUN 20 PM 1: 44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: __LAW__

Eric Hatteberg

2322 Calle Almirante

San Clemente, CA  92673

949-370-0051

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric Hatteberg, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA, N.A., LAW<br>OFFICE OF HARRIS AND ZIDE,<br><br>        Defendants. | Case No.: **SACV19-01236 JFW (PLAx)**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.  § 1692 et seq.; TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et seq.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Eric Hatteberg, by way of Pro Se, (hereinafter "Plaintiff"), brings his complaint against Defendant BANK OF AMERICA, N.A. (hereinafter "BANA"), for violations of BOTH the Fair Debt Collection Practices Act, 15 U.S.C.  § 1692 et seq. (hereinafter "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA").  Plaintiff also brings

1

his complaint against Defendant LAW OFFICE OF HARRIS AND ZIDE, (hereinafter "ZIDE"), for violations of the FDCPA [15 U.S.C. § 1692 et seq.].

## **PRELIMINARY STATEMENT**

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices by many debt collectors contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.

2.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of <u>one</u> violation.  The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer.  *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988).  This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd...the ignorant, the unthinking and the credulous."  *Clomon v. Jackson* 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

3.      The FDCPA has a private right of remedy.  15 U.S.C. § 1692k(a)(1) and (a)(2)(A) state that "...any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure; in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000."

4.      Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls.  *Mims. v. Arrow Fin. Servs., LLC,* US. 132 S.Ct. 740, 745 181 L.Ed 2d 881 (2012).  The TCPA makes it unlawful to make any call or text message using an automatic telephone dialing system (hereinafter "ATDS") or an artificial pre-recorded message to any wireless telephone number.

1  47 U.S.C. § 227(b)(1)(A)(iii). *Baisden v. Credit Adjustments, Inc.*, 813 F. 3d 338,

2  342 (6th Cir. 2016).

3      5.    The TCPA is also a strict liability statute, and creates a private right of

4  remedy for individual consumers. Each TCPA violation results in damages of <u>no</u>

5  <u>less than $500</u>, which may be trebled for willful or knowing violations. §

6  227(b)(3)(B)-(C). *Reyes v. BCA Financial Services, Inc.,* 312 F. Supp. 3d 1308,

7  1309 (Dist. Court, SD Fla. 2018). The statute further allows a consumer to revoke

8  any "prior express consent" to be contacted via an ATDS on a cell phone. *Gager*

9  *v. Dell Financial Services, LLC,* 727 F. 3d 265, 268 (3rd Cir. 2013).

10  **JURISDICTION**

11      6.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47

12  U.S.C. § 227(b)(3), and 28 U.S.C. § 1331. Violations have occurred within one (1)

13  year prior to the filing of this complaint.

14      7.    Defendant BANA does business in this District, and within the State

15  of California. Defendant ZIDE also does business in this District, and within the

16  State of California. Thus, the Court has personal jurisdiction of each Defendant.

17      8.    Plaintiff has met all conditions precedent prior to filing this lawsuit.

18  **VENUE**

19      9.    Venue is proper in the United States District Court for the Central

20  District of California pursuant to 28 U.S.C. 1391(b), in that each Defendant

21  transacts business in this judicial district, the violations by BANA for the FDCPA

22  and TCPA occurred in this District, and the violations by ZIDE for the FDCPA

23  occurred in this District. Furthermore, the events giving rise to Plaintiff's claims

24  occurred in this District, the harm to Plaintiff occurred in this District, and Plaintiff

25  resides within this District, in Orange County, State of California.

26  **PARTIES**

27      10.    The Plaintiff in this lawsuit is Eric Hatteberg, a natural person, and a

28  consumer pursuant to 15 U.S.C. § 1692a(3).

11.     Defendant BANA is a National Association with its principal place of business located at 100 N. Tyron St., Charlotte, NC 28255.

12.     BANA is an originator and servicer of unsecured credit card accounts, also called transaction accounts, as that term "transaction account" is defined by the Federal Reserve Act, Sec 19(b)(1)(C).[1]

13.     BANA also is in the business of banking, and pursuant to 12 U.S.C. § 24, "Seventh.   To exercise by its board of directors or duly authorized officers or agents, subject to law, all such incidental powers as shall be necessary to carry on the business of banking; by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt."

14.     BANA, as servicer of transaction accounts, is a "debt collector" [15 U.S.C. § 1692a(6)], as one "who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another."   BANA sells and/or owes debts to investors who purchase receivables on transaction accounts.

15.     BANA may be served suit through its registered agent in California for service of process: CT CORPORATION SYSTEM, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

16.     Defendant ZIDE is a "debt collection law firm" that at all relevant times used the mails in attempts to collect an alleged "debt" from Plaintiff [15 U.S.C. § 1692a(5)]. ZIDE is a "debt collector" [15 U.S.C. § 1692a(6)].

17.     ZIDE has its principal place of business at 1445 Huntington Drive, Suite 300, South Pasadena, CA 91030.   ZIDE may be served at its principal place of business as "Law Office of Harris And Zide c/o Flint C. Zide."

---

[1] The term "transaction account" means any deposit or account on which the depositor or account holder is permitted to make withdrawals by negotiable or transferable instrument, payment orders of withdrawal, telephone transfers, or other similar items for the purpose of making payments or transfers to third persons or others."
https://www.federalreserve.gov/aboutthefed/section19.htm  (last visited June 12, 2019)

COMPLAINT FOR DAMAGES AGAINST BANK OF AMERICA AND HARRIS & ZIDE

18.     Whenever this complaint alleges that each defendant BANA or ZIDE did an act, it is meant that its respective directors, officers, agents, employees, or the directors, agents or employees of its subsidiaries, performed or participated in such act, and in each instance that such act was ratified by, and done on behalf of and under the direct control of that respective defendant.

19.     Plaintiff is informed and believes and thereon alleges that each defendant is responsible for the acts, occurrences and transactions of its respective officers, directors, or managing agents of each defendant or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them is legally liable to Plaintiff as set forth below and herein:

a.     The officers, directors, or managing agents of each respective defendant personally acted willfully with respect to the matters alleged in this complaint;

b.     The officers, directors or managing agents of each respective defendant personally authorized, approved of, adopted, and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers;

c.     The officers, directors or managing agents of each respective defendant personally participated in the acts alleged herein;

d.     The officers, directors or managing agents of each respective defendant personally had close supervision of their agents, servants, employees and/or joint venturers;

e.     The officers, directors or managing agents of each respective defendant personally were familiar with the facts regarding the matters alleged herein;

f.     The officers, directors or managing agents of each respective defendant personally failed to investigate the circumstances pertaining to the acts alleged herein.  Furthermore, each respective defendant personally failed and/or refused to repudiate the acts alleged herein of their agents, and failed to redress the

harm done to Plaintiff.   Even after learning of the acts alleged herein, each referenced defendant willfully chose to violate the law(s) alleged in this complaint, instead of attempting to mitigate damages and avoid costly litigation.

## **FACTUAL ALLEGATIONS**

20.     At all times relevant, ZIDE acted on behalf of, at the direction of, and in association with BANA pursuant to the FDCPA violations alleged herein against ZIDE. *Fox v. Citicorp Credit Services*, 15 F. 3d 1507, 1516 (9th Cir. 1994) ([W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken").

21.     On or around October 24, 2018, November 26, 2018, and December 24, 2018, Plaintiff sent "demand notice" to BANA demanding the alleged, original and applicable certified copy of the cardholder agreement of a transaction account number ending in 2076 (hereinafter "the alleged account").   (See Exhibits 1,2,3).

22.     BANA received each "demand notice" from Plaintiff via certified mail, via traceable delivery tracking from the United States Postal Service.

23.     BANA understood that Plaintiff addressed his notice to the Chief Executive Officer of BANA, Brian T. Moynihan (hereinafter "CEO of BANA").

24.     BANA understood and knew (or should have known) that the Consumer Financial Protection Bureau (hereinafter "CFPB") requires all financial institutions to comply with a consumer's request upon receipt of notice for the applicable cardholder agreement.

25.     BANA understood that Plaintiff also requested BANA to cease ALL telephonic communications pursuant to the TCPA.

26.     BANA understood that despite being in receipt of the first, second, and "THIRD AND FINAL NOTICE" for the signed, original, applicable, true and complete copy of the cardholder agreement, BANA *failed* to provide Plaintiff with the documents required by law.   BANA further understood that Plaintiff disputed the alleged debt, expressed or implied, pursuant to any "account stated."

27.   BANA understood that at all times relevant, it was obligated to Plaintiff to provide him the applicable, original, true and complete certified copy of the signed credit card agreement for the alleged account.

28.   BANA understood that at all times relevant during Plaintiff's multiple demand notices sent to BANA, Plaintiff *disputed* the actual amounts BANA claimed were allegedly owed by Plaintiff, and Plaintiff refused to accept the monthly offers to contract with BANA on any "account stated" whether express or implied (i.e., the summary of account). *Thomas v. American Express*, 139 So. 3d 809 (Alabama Civ. Ct. App. 2013) (rejecting the notion of "account stated" to prove a debt absent Plaintiff being provided with the full terms and conditions of an applicable cardholder agreement).[2]

29.   BANA understood that the alleged account was in dispute, yet failed to mark the alleged account as being disputed by Plaintiff with the national credit bureaus (e.g., Experian, Equifax, TransUnion), thereby violating 15 U.S.C. § 1692e(8) of the FDPCA, which states as follows: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

30.   BANA was in DEFAULT AND DISHONOR, and was operating without integrity, in violation of Title 12 of the Code of Federal Regulations, 12 CFR 224.42(e), which states as follows: "Integrity means the information a furnisher provides to a consumer reporting agency about an account or other

[2] In Thomas v. American Express, the Plaintiff opened the account, used the card, received statements, and made payments. ("…using circular logic, American Express relies on language found in the cardmember agreements themselves to establish that Thomas had agreed to be bound to the terms of those agreements.  Thomas, however, denies ever receiving the cardmember agreements; therefore, the language found in those cardmember agreements cannot be used to establish Thomas's acceptance of their terms").  (Opinion by Judge Moore, pg. 10).

relationship with the consumer: (1) Is substantiated by the furnisher's records at the time it is furnished; (2) It is furnished in a form and manner that is designed to minimize the likelihood that the information may be incorrectly reflected in a consumer report."

31.    On or around January 3, 2019, Plaintiff filed a complaint against BANA with the CFPB (complaint number: 190109-3733949), citing the failure by BANA to provide the applicable, original true and correct cardholder agreement.

32.    BANA requested more time from the CFPB to respond to the complaint, and Plaintiff received a response from BANA dated January 23, 2019.

33.    BANA sent Plaintiff a generic, formulaic agreement that was non-notarized, unsigned, and inapplicable (hereinafter "the alleged agreement"). *Henggeler v Brumbaugh & Quandahl, P.C. LLO*, 894 F. Supp. 2d 1180, 1187 (D. Neb. 2012) (denying a motion to compel arbitration because a debt buyer failed to demonstrate that a "valid agreement to arbitrate exists" and submitted only a generic cardmember agreement from Chase that was "unsigned").

34.    BANA knew (or should have known) that the information contained in the *alleged* agreement was not indicative of the complete terms and conditions regarding the alleged account.   *Trimble v. Discover Bank et al.,* 2:11-cv-01069-MSG, (E.D. Penn. 2011), ("The scheme is carried out knowingly using false and inapplicable documentation indiscriminately provided by Defendants attempting to foist upon the victims of imprimatur of substantiating documentary evidence."). (*Trimble,* Complaint at ¶ 4).

35.    For example, BANA failed to disclose that when it sells or assigns all of its rights, titles, interests of the credit card receivables (i.e., payments sent by a consumer, and received by BANA), to a third-party, that BANA is paid in full.

36.    For example, BANA failed to disclose that BANA is merely a servicer for the transaction account, and services the alleged debt on behalf of third-parties.

37.    For example, BANA failed to disclose in the Regulation Z disclosures *that BANA creates an insurance policy for the transaction account*, with premiums funded *by the consumer*. [See 15 U.S.C. § 1605]. (Emphasis in bold).

38.    For example, BANA failed to disclose that if a consumer pays finance charges, then a portion of those finance charge receivables will be allocated for the insurance policy, and will then cover any liability claimed by BANA. Putting it differently, a consumer cannot "default" on the alleged debt if the insurance policy covers any "loss" by the third-party investors who purchase the receivables. *Andrew Cox et al. v. Sherman Capital LLC et al.*, 1:12-cv-01654-TWP-MJD, (S.D Indiana 2012) ("The financial engineers made a bulletproof system where the originating bank is paid in full and the investors are paid in full regardless of a default of a payment of the receivables."). (*Cox*, Complaint at ¶ 38).

39.    Plaintiff is informed, believes, and thereon alleges that any alleged balance was covered by an insurance policy, *without full disclosure to Plaintiff*. BANA mentions the term "insurance proceeds" in filings made with the Securities and Exchange Commission (hereinafter "SEC"). The documents filed by BANA for its rights offering of credit card receivables are readily available in the public domain through SEC.gov and other public sites such as SECDATABASE.COM.[3]

40.    BANA continued to act as a "servicer" and "debt collector" for an alleged debt. BANA understood that it was attempting to collect on the alleged account without an applicable cardholder agreement showing ALL relevant terms and conditions, yet failed to cease its attempts to manipulate, deceive, and coerce funds from Plaintiff, a "least sophisticated" consumer. BANA further understood that Plaintiff did not admit, assent or consent to the alleged balance.

---

[3] Plaintiff fully intends to seek discovery on all matters, including, but not limited to, how BANA continued to claim Plaintiff owed a "debt" on the "account stated" that was disputed by Plaintiff, without proof of who funded the promissory notes payable to the merchants, a material and relevant fact which is NOT disclosed in the alleged contract (i.e. cardholder agreement).

41.   BANA continued to operate in default and dishonor, by its willful failure to update and/or mark the alleged account as "disputed" to the national credit bureaus, thereby continuing to violate 15 U.S.C. § 1692e(8).

42.   Plaintiff received a letter from BANA dated January 23, 2019, acknowledging it processed a "cease and desist" on November 4, 2018 to not call Plaintiff's mobile number.  BANA understood it was not to call Plaintiff's number.

43.   BANA violated the cease and desist, by using an ATDS to call Plaintiff's mobile number on January 3, April 3, April 10, April 12, May 31, and June 7, 2019, respectively.

44.   BANA understood that it was using an ATDS in its attempts to collect a disputed alleged debt from Plaintiff, in direct and blatant violation of the TCPA, 47 U.S.C. § 227(b)(1)(A(iii).

45.   BANA understood that Plaintiff sent the CEO of BANA a "NOTICE OF DENIAL" via certified mail on or around February 5, 2019, in response to the repeated and unethical attempts by BANA to collect on the alleged debt.

46.   BANA understood that Plaintiff *denied* that he was provided with any applicable agreement, and denied what BANA provided was the "original."

47.   BANA understood that Plaintiff *denied* that he owed an alleged debt claimed by BANA on "account stated" whether it was expressed *or* implied.

48.   BANA understood that Plaintiff sent the CEO of BANA a "REQUEST FOR ADMISSIONS" with a list of questions, for an officer or agent of BANA to either "admit" or to "deny" regarding the alleged account.

49.   BANA *failed* to answer any of the REQUEST FOR ADMISSIONS, and on March 26, 2019, Plaintiff sent BANA a "NOTICE OF ESTOPPEL BY ACQUIESCENCE", whereby BANA would now be bound by *Plaintiff's terms and conditions*, including, but not limited to: a) that the debt was paid in full; b) that any negative remarks made to the credit bureaus would be removed; c) that BANA would no longer pursue the matter any further.

50.   Plaintiff received a letter from BANA dated April 12, 2019, indicating that he was seeking information that was *"proprietary"* and that BANA is *"only able to address the concerns regarding the servicing of your account."*

51.   BANA *failed* to abide by the terms and conditions of the NOTICE.

52.   BANA did NOT dispute and did NOT deny that it failed to disclose that it collected insurance premiums as a portion of finance charge receivables paid by Plaintiff to BANA, ***without Plaintiff's knowledge or consent***.   (Emphasis in bold).   BANA violated and continued to violate 15 U.S.C. § 1692e(2)(A), "The false representation of the character, amount or legal status of any debt."   BANA violated and continued to violate 15 U.S.C. § 1692e(10), "The use of any false representation or deceptive means to collect or attempt to collect any debt...".   BANA violated and continued to violate 15 U.S.C. § 1692f(1), "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

53.   BANA understood that at all times relevant, Plaintiff afforded repeatedly the opportunity for the CEO of BANA and/or agents to provide Plaintiff with the original applicable signed alleged agreement and the account level documentation (i.e. the t-chart journal entry ledgers showing the actual accounting, and *proving* how Plaintiff owed a "valid debt" to BANA).

54.   BANA understood that it would not be able to extract payment from Plaintiff on the alleged account that was still being disputed by Plaintiff, so BANA included ZIDE to continue collecting the alleged debt.

55.   Plaintiff received a "collection letter" from ZIDE dated March 12, 2019.   A true and correct copy is attached and marked as Exhibit 4.

56.   Plaintiff sent a response to ZIDE on March 26, 2019, via certified mail delivery tracking, whereby Plaintiff stated that he "refused to pay" a debt [pursuant to 15 U.S.C. § 1692c(c)] (Exhibit 5).

57.    Plaintiff enclosed an affidavit, signed and sworn before a California Notary, also dated March 26, 2019, and sent to ZIDE. (Exhibit 6).

58.    Plaintiff made it abundantly clear to ZIDE of all of the following, including, but not limited to:

      a.    That Plaintiff sent multiple "Notice of Demand" to BANA.

      b.    That Plaintiff filed a complaint with the CFPB.

      c.    That Plaintiff disputed the debt with BANA.

59.    ZIDE received the response and affidavit, provable through certified mail delivery tracking.  ZIDE understood that Plaintiff had already disputed the alleged debt with BANA, and that BANA failed to disclose material and relevant facts to Plaintiff regarding the alleged account.

60.    ZIDE failed to mark the account as "disputed" in its files, and failed to cease communications with Plaintiff, in violation of 15 U.S.C. § 1692c(c), "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except-…".

61.    ZIDE understood that Plaintiff "refused to pay" and wished ZIDE to "cease further communication" (which is not limited to telephone communication).

62.    Notwithstanding the exceptions of § 1692c(c)(1)-(3), ZIDE did *not* "cease further communication" and thus Plaintiff sent another NOTICE to ZIDE for violations of the FDCPA 15 U.S.C. § 1692c(c).

63.    Plaintiff filed a complaint against ZIDE with the CFPB, and with the California Attorney General (hereinafter "the AG").

64.    ZIDE responded to the AG, implying that Plaintiff assented to an "account stated" contract theory, by claiming it mailed "validation of a debt to the consumer." ZIDE *failed* to inform the AG that a BANA "account summary" (i.e., the "account stated"), was already disputed by Plaintiff directly with BANA.

65.     ZIDE *failed* to cease further communication, and sent another "collection letter" dated May 1, 2019, in attempts to collect on the alleged debt, which stated in part, *"No account statement or other documentation is required to validate a debt."* ZIDE took Plaintiff for a "least sophisticated" consumer, and violated 15 U.S.C. § 1692c(c), § 1692e(2)(A), § 1692e(10), and § 1692f(1).

66.     ZIDE sent yet another letter to Plaintiff dated May 7, 2019, which stated that ZIDE was *"in the process of preparing a lawsuit."*

67.     ZIDE filed suit on behalf of BANA against Plaintiff in Orange County Superior Court on May 17, 2019 (Case Number 30-2019-01070821-CL-CL-CJC). A true and correct copy is attached as Exhibit 7.

68.     Plaintiff sent a "NOTICE OF DENIAL" to ZIDE on May 22, 2019, with a copy to the CEO of BANA. Plaintiff also sent a "Debt Collector Disclosure Statement" thereby affording the opportunity for ZIDE and BANA to mitigate damages by completing and returning the "Debt Collector Disclosure Statement" back to Plaintiff.

69.     ZIDE and the CEO of BANA *failed* to respond to Plaintiff, and *failed* to complete and return the "Debt Collector Disclosure Statement." (Exhibit 8).

70.     Plaintiff sent NOTICE to ZIDE on June 6, 2019, indicating Plaintiff was preparing to file suit in Federal Court. (Exhibit 9).

## CLAIMS

### COUNT I: Violation of the TCPA 47 U.S.C. § 227(b)(1)(A)(iii)
### Against Defendant BANA

71.     Plaintiff repeats the prior paragraphs that relate to Defendant BANA regarding the TCPA violations, as though fully stated herein.

72.     Plaintiff sent NOTICE to BANA on or around October 24, 2018 to cease contacting his mobile phone number 949-370-0051.

73.     Plaintiff sent another NOTICE to BANA on or around November 26, 2018 to cease contacting his mobile phone number.

74.     BANA sent Plaintiff a letter acknowledging it processed a "cease and desist" on November 4, 2018 to NOT call Plaintiff's mobile number.

75.     BANA understood that Plaintiff already sent NOTICE to BANA that non-compliance with the request would violate the TCPA, 47 U.S.C. § 227 et seq.

76.     BANA understood that ALL prior consent to call his mobile number (if any) was **revoked**.  (Emphasis in bold).

77.     BANA violated the cease and desist, by calling Plaintiff via ATDS.

78.     BANA first called Plaintiff's mobile number through an ATDS on January 3, 2019, from a number known to be used by BANA in its debt collection operations.  BANA understood that it was violating the TCPA.

79.     BANA called Plaintiff again, on April 3, 2019, using an ATDS.

80.     BANA called Plaintiff again, on April 10, 2019, using an ATDS.

81.     BANA called Plaintiff again, on April 12, 2019, using an ATDS.

82.     BANA called Plaintiff again, on May 31, 2019, using an ATDS.

83.     BANA called Plaintiff again, on June 7, 2019, using an ATDS.

84.     The calls made to Plaintiff's mobile number were NOT for emergency purposes, and were made without the express consent of Plaintiff.

85.     Plaintiff researched the phone number used by BANA, 877-430-1431, which routes to a message, stating as follows: "Thank you for calling regulatory compliant servicing, we are here to help.  **Please be advised we are a debt collector**."  (Emphasis in bold).

86.     BANA understood the phone calls made to Plaintiff were from BANA, in attempts to collect an alleged debt, which BANA knew was disputed.

87.     BANA violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) on January 3, 2019, and as a result, Plaintiff seeks damages of $500.

88.     BANA continued to violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) on April 3, April 10, April 12, May 31 and June 7, respectively.  As a result,

Plaintiff seeks and additional $500 in monetary damages for each subsequent phone call, pursuant to 47 U.S.C. § 227(b)(3)(B).

89.   If the acts of BANA are found to be willful and knowing by the jury, then Plaintiff seeks damages of $1,500 for each subsequent phone call that BANA made to Plaintiff on April 3, April 10, April 12, May 31 and June 7, 2019, respectively, pursuant to 47 U.S.C. § 227(b)(3)(C).

90.   BANA understood at all times relevant that the TCPA is a strict liability statute, and that Plaintiff has a private right of action to sue BANA pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II: Violation of the FDCPA 15 U.S.C. § 1692 et seq.
## Against Defendant BANA

91.   Plaintiff repeats the prior paragraphs that relate to Defendant BANA regarding the FDCPA violations against BANA, as though fully stated herein.

92.   Plaintiff sent multiple "demand notice" to BANA for the applicable credit card agreement in immediate exchange for any alleged balance due.

93.   BANA understood that it was required by the CFPB and by law to comply with the "demand notice" sent by Plaintiff, and received by BANA.

94.   BANA failed to comply with the first NOTICE.

95.   BANA failed to comply with the second NOTICE.

96.   BANA failed to comply with the THIRD AND FINAL NOTICE.

97.   BANA understood that it was operating in default and dishonor.

98.   BANA understood that it was not relieved from liability by Plaintiff for failing to provide the applicable alleged agreement, and for its violations of the FDCPA. BANA further understood that the alleged debt was disputed.

99.   BANA understood and knew (or should have known) that any claims that BANA sent "validation of a debt" or a "contract" or an "agreement" or an "original" were speculative statements made by BANA and its agents, overly broad, vague and ambiguous, hearsay, and were all DENIED by Plaintiff.

100.   BANA violated 15 U.S.C. § 1692e(8) by not marking the alleged account with the consumer bureaus as being "disputed", despite being receipt of multiple NOTICE by Plaintiff.

101.   BANA continued to make repeated false representations to Plaintiff regarding the character, amount, or legal status of a debt, in violation of FDCPA 15 U.S.C. § 1692e(2)(A).

102.   BANA continued to attempt collecting an alleged debt on "account stated," even though BANA understood that Plaintiff repeatedly denied any offers to contract on "account stated."

103.   BANA violated 15 U.S.C. § 1692e(10) through its "use of false representation or deceptive means to collect or attempt to collect a debt."

104.   BANA engaged in unfair practices, in violation of 15 U.S.C. § 1692f(1), by attempting to collect an amount that was not expressly authorized by any alleged agreement.

105.   As a direct and proximate result of the conduct by BANA, Plaintiff has and will continue to suffer damages.  Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k.

106.   BANA understood that the FDCPA is a strict liability statute, and that Plaintiff has a private right of remedy to sue BANA for such violations.

### COUNT III: Violation of the FDCPA 15 U.S.C. § 1692 et seq.

### Against Defendant ZIDE

107.   Plaintiff repeats the prior paragraphs that relate to Defendant ZIDE, regarding the FDCPA violations against ZIDE, as though fully stated herein.

108.   ZIDE understood that Plaintiff is a "consumer" pursuant to FDCPA, 15 U.S.C. § 1692a(3).

109.   ZIDE understood that a financial obligation owed *or allegedly owed* by Plaintiff is a "debt" pursuant to FDCPA, 15 U.S.C. § 1692a(5).

16

110.   ZIDE understood that it is a "debt collector" pursuant to the FDCPA, 15 U.S.C. § 1692a(6).[4]

111.   ZIDE violated the FDCPA.   These violations include, but are not limited to, all of the following:

a.   ZIDE continued to communicate with Plaintiff in an attempt to collect an alleged debt, even after receiving written NOTICE via certified mail that a consumer refused to pay the alleged debt being collected and to cease further communication, in violation of 15 U.S.C. § 1692c(c).

b.   ZIDE continued to make "false representation of the character, amount, or legal status of any debt" in violation of 15 U.S.C. § 1692e(2)(A).

c.   ZIDE continued to make "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" in violation of 15 U.S.C. § 1692e(10).

d.   ZIDE continued to engage in unfair practices, by the "collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," in violation of 15 U.S.C. § 1692f(1).

112.   At all times relevant upon receipt of NOTICE from Plaintiff, ZIDE understood that Plaintiff denied any contract theory of an "account stated."

113.   At all times relevant upon receipt of NOTICE from Plaintiff, ZIDE understood that Plaintiff denied any applicable agreement with BANA.

114.   At all times relevant upon receipt of NOTICE from Plaintiff, ZIDE understood that Plaintiff was disputing the alleged debt.

115.   At all times relevant, ZIDE understood that Plaintiff sent an affidavit, signed and sworn before a California Notary to ZIDE, and that ZIDE did not deny, did not dispute, and did not rebut each and every point made by Plaintiff.

---

[4] ZIDE states on its website that they are "collection attorneys", a "debt collection law firm" and "litigates in California."  The principal purpose of all of these is to "collect debts."

116. At all times relevant, ZIDE understood that Plaintiff attempted to mitigate damages and avoid having to resort to litigation.

117. At all times relevant, ZIDE understood that Plaintiff informed ZIDE that all of his communications to BANA were documented via certified mail.

118. ZIDE filed suit against Plaintiff in Orange County Superior Court as a means to coerce funds from a "least sophisticated" consumer who repeatedly disputed and denied the alleged debt.

119. At all times relevant, the acts conducted by ZIDE were done intentionally and to willfully ignore that Plaintiff had *also* disputed the alleged debt, directly and repeatedly with BANA.

120. As a result of ZIDE's violations of the FDCPA, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k.

## ARTICLE III STANDING TO BRING SUIT

121. Plaintiff has met the required elements of an Article III standing claim to bring forth suit in Federal Court on a private cause of action. Plaintiff has standing to claim the relief sought in this complaint as follows:

    a.    Plaintiff has suffered a particularized injury in fact.

    b.    Plaintiff can provide causation of such injury traceable to each defendant, BANA and ZIDE, for their respective violations of federal law.

    c.    Plaintiff can receive redress through a favorable judicial ruling in this court. *Allen v. Wright,* 468 U.S. 737, 751 (1984). *Raines v. Byrd,* 521 U.S. 811 (1997).

## JURY TRIAL DEMANDED

122. Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiff hereby demands a jury trial on any and all issues qualified for a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment by the court against Defendant BANA and against Defendant ZIDE as follows:

a. Adjudging that Defendant BANA violated the TCPA and FDCPA.

b. Adjudging that Defendant ZIDE violated the FDCPA.

c. Awarding Plaintiff statutory damages against Defendant BANA, pursuant to 47 U.S.C. § 227(b)(3)(B); 47 U.SC. § 227(b)(3)(C).

d. Awarding Plaintiff statutory damages against Defendant BANA, pursuant to 15 U.S.C. § 1692k.

e. Awarding Plaintiff statutory damages against Defendant ZIDE, pursuant to 15 U.S.C. § 1692k

f. Awarding Plaintiff costs incurred in this action.

g. Awarding any such other further relief as deemed just and proper.


Dated: June 20, 2019

Respectfully submitted,

Eric Hatteberg, Pro Se Plaintiff
2322 Calle Almirante
San Clemente, CA  92673
949-373-0051
gabwitheric@yahoo.com

cc:

CFPB
Kathy Kraninger
Office of Enforcement
1700 G. St. NW
Washington, DC  20552

Dept. of Justice
Chinelo Bivens
Public Inquiry Unit
P.O. BOX 944255
Sacramento, CA  94244

# Exhibit 1

Mr. Brian T. Moynihan, CEO
Bank of America Corporation, N.A.
100 North Tryon Street
Charlotte, NC. 28255

*CERTIFIED MAIL*
*7018 0680 0001 9382 8885*
*10/24/18*

Re: Bank of America Rewards Card: 4400 6648 8944 2076

## NOTICE OF DEMAND FOR CREDIT CARD AGREEMENT

**Notice to principal is notice to agent. Notice to agent is notice to principal.**

Dear Mr. Moynihan,

As you are the CEO, I am bringing this NOTICE to your direct attention. I would like to review the terms and conditions regarding the above referenced account, which your office must have on file.

I request your assurance that your acceptance of any payment regarding this account shall be in direct and immediate exchange for the original document of indebtedness in its original form.

Please provide me with the following:

> **The original, true, correct and complete _certified_ copy (front AND back) of the Cardmember Agreement copyright 2014, showing full disclosure of ALL terms and conditions.**

According to the Consumer Financial Protection Bureau ("CFPB"), you are required by law to provide this document upon request. For your convenience, I am providing the direct quote from CFPB:

"***By law, the issuer must make your agreement available to you upon request.*** If you are having trouble getting your agreement, let us know by submitting a complaint."

Please provide the aforementioned document within ten (10) business days upon your receipt of this NOTICE to the address above. Thank you for appreciating my concerns, and have a good day.

**This notice also constitutes a Notice to Cease ALL Telephonic Communications. Non-compliance with this request will violate the Telephone Consumer Protection Act, 47 U.S.C. Sec 227 et seq., and may cause your firm to suffer $500 in damages per alleged violation.**

Sincerely,

Eric Hatteberg

*2322 Calle Almirante*
*San Clemente, CA. 92673*

# Exhibit 2

Mr. Brian T. Moynihan, CEO
Bank of America Corporation, N.A.
100 North Tryon Street
Charlotte, NC. 28255

Re: Bank of America Rewards Card: 4400 6648 8944 2076

## SECOND NOTICE OF DEMAND FOR CREDIT CARD AGREEMENT
## NOTICE OF DISPUTE

**Notice to principal is notice to agent. Notice to agent is notice to principal.**

November 26, 2018  (Certified Mail 7018 0680 0001 9382 8922)

Dear Mr. Moynihan,

Thank you for your letter dated November 5, 2018 regarding the above referenced account.  It is apparent that you have overlooked or ignored my request to confirm that you would accept payment of the alleged obligation from me in consideration of your delivery to me of the original document of indebtedness in its original form.

I deny that you have provided me with any "debt validation" and I also deny that there is any debt associated with this account.

Accordingly, unless I receive your written confirmation that you will accept payment from me in consideration of your delivery to me of the original instrument of indebtedness in its original form within 10 business days upon receipt of this NOTICE to my address, I will conclude that you are either unwilling or unable to comply, and I will thereafter consider the matter between us to have been legally and financially settled (see my original notice attached herewith).

<u>In the meantime, this notice is to inform you that you must place a DISPUTE CODE with the credit reporting agencies to which you report in compliance with the Fair Credit Reporting Act.</u>

**This notice also constitutes a Notice to Cease ALL Telephonic Communications.  Non-compliance with this request will violate the Telephone Consumer Protection Act, 47 U.S.C. Sec 227 et seq., and may cause your firm to suffer $500 in damages per alleged violation.**

**I do not consent to receiving any correspondence by electronic mail**

Sincerely,

Eric Hatteberg

2322 Calle Almirante

San Clemente, CA 92673

**Enclosure**

# Exhibit 3

Mr. Brian T. Moynihan, CEO
Bank of America Corporation, N.A.
100 North Tryon Street
Charlotte, NC. 28255

Re: Bank of America Rewards Card: 4400 6648 8944 2076

## THIRD AND FINAL NOTICE OF DEMAND FOR CREDIT CARD AGREEMENT
## NOTICE OF DISPUTE

**Notice to principal is notice to agent. Notice to agent is notice to principal.**

December 22, 2018  (Certified Mail 7018 0040 0001 0020 5455)

Dear Mr. Moynihan,

Thank you for your letter dated December 5, 2018 regarding the above referenced account.  It is apparent that you have overlooked or ignored my request to confirm that you would accept payment of the alleged obligation from me in consideration of your delivery to me of the original document of indebtedness in its original form.

I deny that you have provided me with any "debt validation" and I also deny that there is any debt associated with this account on "account stated" (see copy of attached statement herewith)

Accordingly, unless I receive your written confirmation that you will accept payment from me in consideration of your delivery to me of the original instrument of indebtedness in its original form within 10 business days upon receipt of this NOTICE to my address, I will conclude that you are either unwilling or unable to comply, and I will thereafter consider the matter between us to have been legally and financially settled (see my original notices attached herewith).

<u>In the meantime, this notice is to inform you that you must place a DISPUTE CODE with the credit reporting agencies to which you report in compliance with the Fair Credit Reporting Act.</u>

Furthermore, this letter is also being sent to the Consumer Financial Protection Bureau

**I do not consent to receiving any correspondence by electronic mail**

Sincerely

Eric Hatteberg

2322 Calle Almirante

San Clemente, CA 92673

**cc: Consumer Protection Financial Bureau, PO Box 2900, Clinton, IA 52733-2900**

Exhibit 4

THE LAW OFFICE OF

# HARRIS AND ZIDE

**1445 HUNTINGTON DRIVE, SUITE 300**
**SOUTH PASADENA, CA 91030**
TEL: (626) 799-8444
(800) 381-0003
FAX (626) 799-8419

*Robert T. Harris (1929-2003)
Flint C. Zide (CA)
Sarkis S. Karayan (CA)
Debt Collection Attorneys

March 12, 2019

ERIC HATTEBERG
2322 CALLE ALMIRANTE
SAN CLEMENTE CA 92673-3635

RE:   Creditor:              Bank of America, N.A.
      Customer:              ERIC HATTEBERG
      Balance Owed:          $9,089.87
      Account Number:        ***********2076
      Firm Reference Number: TA022257

Dear ERIC HATTEBERG,

We represent Bank of America. This account has been referred to us for action to collect the above balance due on your account.

Unless you notify us within 30 days after receipt of this letter that the validity of this debt or any portion of it is disputed, we will assume that the debt is valid.  If you do notify us in writing within the 30 day period that this debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you. Upon your written request within the 30 day period, we will provide the name and address of the original creditor if it is different from the current creditor.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act requires that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m.  They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Please call our office directly at (626) 799-8444 or toll free at (800) 381-0003 to discuss this matter.

We are debt collectors. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

☐ Flint C. Zide          ☐ Sarkis S. Karayan

TA022257
DEMANDCR

# Exhibit 5

March 26, 2019

Eric Hatteberg
2322 Calle Almirante
San Clemente, CA 92673

*Law Office of Harris and Zide*
1445 Huntington Drive, Suite 300
South Pasadena, CA. 91030

Re: Firm #TA022257 / Acct xxxxxxxxxx2076 (Certified Mail 7018 1830 0002 0115 2056)

**Notice to principal is notice to agent. Notice to agent is notice to principal.**

To Whom It May Concern,

I confirm that I have received a written communication from you dated March 12, 2019 wherein you make reference to the matter listed above.

Your company is attempting to collect an **alleged** debt. I vehemently DISPUTE this **alleged** debt and refuse to pay it. Any prior authorization you may have had to call me at 949-370-0051 is hereby revoked.

This **alleged** debt is currently in dispute with Bank of America, N.A. and a complaint was filed with the CFPB (Consumer Financial Protection Bureau, Case# 190103-3733949).

**THIS IS A NOTICE THAT HARRIS AND ZIDE LACKS STANDING TO COLLECT ON THE ABOVE REFERENCED ACCOUNT NUMBER AND FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

Signed by Eric Hatteberg without prejudice/ without recourse

**Enclosure (Affidavit of Truth)**

cc:
Office of the California Attorney General P.O. Box 944255 Sacramento, CA 94244-2550
CFPB, sent via consumerfinance.gov

# Exhibit 6

# AFFIDAVIT OF TRUTH

An unrebutted affidavit is truth in commerce.

An unrebutted affidavit is acted upon as judgment in commerce.

The term verification is defined as "Confirmation of correctness, truth or authenticity by affidavit, oath or deposition. Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statement of party" (Blacks Law Dictionary 6th edition).

On October 24, 2018, November 26, 2018, and December 24, 2018 I sent Notice of Demand to Bank of America, N.A. ("Bank of America") for alleged, original and applicable Cardholder Agreement to request verification of an alleged debt for Account ending in 2076.

Bank of America failed to provide the required documentation (promissory note and/or security agreement) for Account # ending in 2076.

I filed a dispute with Consumer Financial Protection Bureau (CFPB #190103-3733949)

On February 5, 2019 I sent Bank of America a REQUEST FOR ADMISSIONS of which none of my statements were rebutted

Bank of America failed to disclose that they create an insurance contract as a portion of its Finance Charge Receivables on ANY alleged agreement

I deny I owe a debt to Bank of America, disputed the same, and demanded strict proof thereof

I am not a debtor, and I did not agree, assent or consent to any applicable terms and conditions on the alleged account

I deny there is any debt associated with this account on "account stated"

On March 26, 2019 I sent Bank of America a NOTICE OF ESTOPPEL BY ACQUIESCENCE

**Bank of America and/or Harris and Zide has no standing to claim equitable title to the alleged referenced account**

Notice to principal is notice to agent; notice to agent is notice to principal.

## ATTESTATION

The facts stated above are true, correct and complete

Signed by:

_Eric Hatteberg_ (signature)

ERIC HATTEBERG

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Subscribes and sworn before me this 26
Day of March , 2019
The State of California
County of Orange

BRAD MEINDERTSMA
Commission # 2144655
Notary Public - California
Orange County
My Comm Expires Mar 1, 2020

# Exhibit 7

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ELIOT G. ZIDE, STATE BAR NO. 141271   HARRIET J. FARALAN, STATE BAR NO. 314424   LAW OFFICE OF HARRIET ANN YOOR   1440 HUNTINGTON DR., SUITE 401   SOUTH PASADENA, CA 91030   TELEPHONE NO.: (626) 799-4444   FAX NO. *(Optional)*: (626) 799-4414   E-MAIL ADDRESS *(Optional)*:   ATTORNEY FOR *(Name)*: | **ELECTRONICALLY FILED**   Superior Court of California,   County of Orange   **05/17/2019** at 09:11:22 AM   Clerk of the Superior Court   By Emma Castle,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

STREET ADDRESS: 700 W. CIVIC CENTER DR

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA ANA CA 92701

BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: Bank of America, N.A.

DEFENDANT: ERIC HATTEBERG

[X] DOES 1 TO 5, INCLUSIVE

**CONTRACT**

[X] COMPLAINT        [ ] AMENDED COMPLAINT *(Number)*:

[ ] CROSS-COMPLAINT     [ ] AMENDED CROSS-COMPLAINT *(Number)*:

| Jurisdiction *(check all that apply)*: | CASE NUMBER |
|---|---|
| [X] ACTION IS A LIMITED CIVIL CASE   Amount demanded  [X] does not exceed $10,000   [ ] exceeds $10,000 but does not exceed $25,000   [ ] ACTION IS AN UNLIMITED CIVIL CASE  (exceeds $25,000)   [ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint   [ ] from limited to unlimited   [ ] from unlimited to limited | 30-2019-01070821-CL-CL-CJC |

1  Plaintiff* *(name or names)*: Bank of America, N.A.

alleges causes of action against defendant* *(name or names)*: ERIC HATTEBERG
DOES 1 TO 5, INCLUSIVE

2  This pleading, including attachments and exhibits, consists of the following number of pages: 8

3.  a  Each plaintiff named above is a competent adult
    [X] except plaintiff *(name)*: Bank of America, N.A.
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [X] other *(specify)*: NATIONAL ASSOCIATION

    b  [ ] Plaintiff *(name)*:
      a  [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

      b  [ ] has complied with all licensing requirements as a licensed *(specify)*:
    c  [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4.  a  Each defendant named above is a natural person
    [ ] except defendant *(name)*:                    [ ] except defendant *(name)*:
      (1) [ ] a business organization, form unknown       (1) [ ] a business organization, form unknown
      (2) [ ] a corporation                              (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe)*:       (3) [ ] an unincorporated entity *(describe)*:

      (4) [ ] a public entity *(describe)*:                (4) [ ] a public entity *(describe)*:

      (5) [ ] other *(specify)*:                          (5) [ ] other *(specify)*:

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant

Page 1 of 3

**COMPLAINT---Contract**

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bank of America, N.A. VS. ERIC HATTEBERG | |

4. *(Continued)*

   b. The true names of defendants sued as Does are unknown to plaintiff.

     (1) ☐ Doe defendants *(specify Doe numbers)*: _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

     (2) ☐ Doe defendants *(specify Doe numbers)*: _____ are persons whose capacities are unknown to plaintiff.

   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

5. ☐ Plaintiff is required to comply with a claims statute, and

   a. ☐ has complied with applicable claims statutes, or

   b. ☐ is excused from complying because *(specify)*:

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because

   a. ☐ a defendant entered into the contract here.

   b. ☐ a defendant lived here when the contract was entered into.

   c. ☒ a defendant lives here now.

   d. ☐ the contract was to be performed here.

   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.

   f. ☐ real property that is the subject of this action is located here.

   g. ☒ other *(specify)*: CCP 395 (B)

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   ☐ Breach of Contract

   ☒ Common Counts

   ☐ Other *(specify)*:

9. ☐ Other allegations

10. **Plaintiff prays** for judgment for costs of suit, for such relief as is fair, just, and equitable, and for

   a. ☒ damages of $ $9,089.87

   b. ☐ interest on the damages

     (1) ☐ according to proof

     (2) ☐ at the rate of *(specify)*: percent per year from *(date)*:

   c. ☐ attorney's fees

     (1) ☐ of $

     (2) ☐ according to proof.

   d. ☒ other *(specify)*: SUCH OTHER RELIEF AS THE COURT DEEMS PROPER.

11. ☒ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:

Date:

FLINT C. ZIDE / SARKIS S. KARAYAN

     (TYPE OR PRINT NAME) ▶ (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(2)

| SHORT TITLE: Bank of America, N.A. VS. ERIC HATTEBERG | CASE NUMBER |
|---|---|

FIRST _____ **CAUSE OF ACTION—Common Counts**
_(number)_

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

CC-1. Plaintiff _(name):_ Bank of America, N.A.

alleges that defendant _(name):_ ERIC HATTEBERG

became indebted to [X] plaintiff [ ] other _(name):_

a. [X] within the last four years
    (1) [X] on an open book account for money due.
    (2) [X] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

b. [X] within the last [ ] two years [X] four years
    (1) [X] for money had and received by defendant for the use and benefit of plaintiff.
    (2) [ ] for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff.
        [ ] the sum of $
        [ ] the reasonable value.
    (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff.
        [ ] the sum of $
        [ ] the reasonable value.
    (4) [X] for money lent by plaintiff to defendant at defendant's request.
    (5) [X] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
    (6) [ ] other _(specify):_

CC-2. $ _____, which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest [ ] according to proof [ ] at the rate of _____ percent per year from _(date):_

CC-3. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
    [ ] of $
    [ ] according to proof.

CC-4. [X] Other: $9,089.87, WHICH IS THE FIXED AND AGREED AMOUNT, IS DUE AND UNPAID DESPITE PLAINTIFF'S DEMAND.

Page 3

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION—Common Counts**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

DECLARATION OF JURISDICTIONAL FACTS

The undersigned declares that he/she is authorized to make this declaration for and on behalf of the plaintiff herein. Pursuant to Civil Procedure Sections 394 and 395 a , the above entitled court is the proper court for the trial of the above entitled action because:

[X]    One of the defendants resides within the jurisdiction of the above entitled court at the commencement of this action.

[ ]    Goods or services or loans were provided within the jurisdiction of the above entitled court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed         at South Pasadena, California.


_____
FLINT C. ZIDE / SARKIS S. KARAYAN


DECLARATION OF JURISLICTIONAL FACTS

1

# CENTRAL ORANGE COUNTY MUNICIPAL COURT

## SEPARATE STATEMENT OF VENUE

**CASE NAME:** Bank of America, N.A. VS. ERIC HATTEBERG

**CASE NO.:** _____

**PLAINTIFF'S ATTORNEY:** FLINT C. ZIDE / SARKIS S. KARAYAN

Please check **ONE** of the following statements to indicate the basis for your filing of the Complaint in this Judicial District and fill in the address.

____ 1.   Cause of Action arose in this judicial district. Address of the cause of action is:

| Street | City | Zip Code |
|---|---|---|

____ 2   Property located in this judicial district. The address of the property is:

| Street | City | Zip Code |
|---|---|---|

____ 3.   Tort occurred in this judicial district. The address of the tort is:

| Street (if known) | City | Zip Code |
|---|---|---|

____ 4   Contact entered into or to be performed in this judicial district. The address where contact entered into or to be performed is:

| Street (if known) | City | Zip Code |
|---|---|---|

__X__ 5.   Defendant resides in this judicial district. The address of the defendant is:

1312 CALLE ALMIRANTE SAN CLEMENTE CA 92673-3635

| Street | City | Zip Code |
|---|---|---|

I am aware that Central Orange County Municipal court Rule 16 is a Court order requiring parties or their attorneys to file civil matters only with proper venue in Central Orange County Municipal Court. I further understand that sanctions may be imposed on me for court costs if I have improperly filed this case in the Central Orange County Municipal Court District. C R.C. 227 and C.C.P. Section 177.5.

LAW OFFICE OF HARRIS AND ZIDE

FLINT C. ZIDE / SARKIS S. KARAYAN Signature of Plaintiff
or Plaintiff's Attorney

# Exhibit 8

FILE #   Certified Mail #

## DEBT COLLECTOR DISCLOSURE STATEMENT
### Re: "Offer of Performance"

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

### NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
### NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
### (Applicable to all Successors and Assigns)

**Respondent:**
**Re Account No:**
**Alleged Amount:**
**Alleged Creditor:**

**Notice:** This "Debt Collector Disclosure Statement" is not a substitute for, nor the equivalent of, the herein above requested verification of record, i.e., "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition" (Black's Law Dictionary 6th Edition), re the alleged debt, and must be completed in accord with the "Fair Credit Reporting Act," at [15 USC § 1681 et seq.], and the "Fair Debt Collection Practices Act," at [15 USC § 1692 et seq.], and the applicable portions of "Truth in Lending" (Regulation --- Z), at 12 CFR part 226 et seq., and demands as cited above "Offer of Performance." Debt Collector must make all required disclosure clearly, accurately, conspicuously in writing re the following:

1. Name of Debt Collector: _____

2. Address of Debt Collector: _____

3. Name of alleged Debtor: _____

4. Address of alleged Debtor: _____

5. Alleged Account Number: _____

6. Alleged debt owed: $ _____

7. Date alleged debt became payable: _____

8. Re this alleged account, what is the name and address of alleged "Original Creditor," if different from Debt Collector: _____

9. Re this alleged account, if Debt Collector is different from alleged "Original Creditor," does Debt Collector have bona fide affidavit of assignment for entering into alleged original contract between Original Creditor and alleged Debtor:
**YES / NO**

10. Did Debt Collector purchase this alleged account from the alleged Original Creditor?
**YES / NO**

11. If applicable, date of purchase of this alleged account from Original Creditor, and purchase amount:
**Date:** _____; **Amount: $**_____

### DEBT COLLECTOR DISCLOSURE STATEMENT
### Page 1 of 7

12. Did Debt Collector purchase this alleged account from a previous debt Collector:
**YES / NO N/A**

13. Date of purchase of this alleged account from previous Debt Collector, and purchase amount:
**Date:** _____ **Amount $** _____

14. Regarding this alleged account, Debt Collector is currently the: **(a) Owner; (b) Assignee;
(c) Other**
**explain**:_____
_____
_____

15. What are the terms of the transfer of rights re this alleged account?
_____
_____
_____

16. If applicable, transfer of rights re this alleged account was executed by the following method: **(a)
Assignment; (b)
Negotiation; (c) Novation; Other ----
explain:**_____
_____
_____

17. If the transfer of rights re this alleged account was by assignment, was there an equal exchange of
consideration?
**YES / NO N/A**

18. What was the nature and cause of the equal exchange of consideration cited in #17 above, if your
answer was YES
explain?_____
_____
_____

19. If the transfer of rights re this alleged account was by negotiation, was the account taken for value?
**YES / NO N/A**

20. What is the nature and cause of any value cited in #19 above, if your answer was YES?
_____
_____

21. If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor?
**YES / NO N/A**

22. What is the nature and cause of any consent cited in #21 above, if your answer was YES?

23. Has Debt Collector provided alleged Debtor with the requisite verification of the alleged debt as
required by the "**Fair Debt Collection Practices Act**"?
**YES / NO**

**DEBT COLLECTOR DISCLOSURE STATEMENT**
**Page 2 of 7**

24. Date of said verification cited in #23 above, which provided alleged Debtor;
Date: _____ ;

25. Was said verification cited in #23 above, in the form of a sworn or affirmed oath, affidavit, or deposition?
**YES / NO**

26. Verification cited in #23 above, if your answer is YES, was provided alleged Debtor in the form of:
**OATH, AFFIDAVIT, DEPOSITION**

27. Does the Debt Collector have any knowledge of any claim(s)/defense(s) re this alleged account?
**YES / NO**

28. What is the nature and cause of any claim(s)/defense(s) re this alleged account?
_____
_____

29. Was the alleged Debtor sold any products/services by Debt Collector?
**YES / NO**

30. What is the nature and cause of any products/services cited in #29 above if your answer was YES?
_____
_____

31. Does there exist a verifiable, bona fide, original commercial instrument between Debt Collector and alleged Debtor
containing alleged Debtor's verified, bona fide signature?
**YES / NO**

32. What is the nature and of any verifiable commercial instrument cited in #31 above, if your answer was YES?
_____
_____

33. Does there exist verifiable conclusive evidence of an exchange of a benefit or detriment between Debt Collector and alleged Debtor?
**YES / NO**

34. What is the nature and cause of this verifiable conclusive evidence of an exchange of a benefit or detriment as cited in
#33 above, if your answer was YES?
_____
_____

35. Does any absolute evidence exist of verifiable external act(s) giving the objective semblance of agreement between Debt Collector and alleged Debtor?
**YES / NO**

**DEBT COLLECTOR DISCLOSURE STATEMENT**
**Page 3 of 7**

36. What is the nature and cause of any external act(s) giving the objective semblance of agreement as cited above in #35, if your answer was YES?

_____
_____

_____

37. Have any charge-offs been made by any creditor or debt collector regarding this alleged account?
**YES / NO**

38. Have any insurance claims been made by any creditor or debt collector regarding this alleged account?
**YES / NO**

39. Have any tax write-offs been made by any creditor or debt collector?
**YES / NO**

40. Have any tax deductions been made by any creditor or debt collector regarding this alleged account?
**YES / NO**

41. Have any judgments been obtained by any creditor or debt collector regarding this alleged account?
**YES/NO**

42. Does the Debt Collector and/or the Creditor purport to have and to hold a "Verifiable Contract" where an equal exchange of consideration exists, between the Debtor, with the Debt Collector and/or the Creditor?
**YES / NO**

43. What is the nature and cause of this Verifiable Contract, cited in #42 above, if answered YES?

_____
_____

44. Does the Debt Collector and/or Creditor purport to have and to hold a Verifiable Contract which purports to have a bona fide signature of Debtor?
**YES / NO**

45. Does the Debt Collector and/or Creditor purport to have and to hold a Verified Contract, which purports to have a bona fide signature of alleged Debtor, which the Debt Collector and/or Creditor has first hand personal knowledge of, and will verify under oath, affirmation, deposition, under penalty of perjury?
**YES / NO**

46. If Debtor and/or Creditor purport to have and to hold a Verifiable Contract, which purports to have a bona fide
signature of Debtor, please produce a true, correct, and complete copy of said contract, and verify under oath, affirmation, deposition, under penalty of perjury that Debt Collector and/or Creditor has first hand, personal knowledge that Debtor's signature appears thereon, or state the nature and cause why the Debt Collector and/or Creditor, cannot, will not produce said contract, which purports to have a bona fide signature, and will not, cannot verify under oath, affirmation, or deposition to having first hand, personal knowledge, as cited in #45 above, if answered YES?

_____

**DEBT COLLECTOR DISCLOSURE STATEMENT**
**Page 4 of 7**

47. Does the Debt Collector and/or Creditor, have any type or kind of verifiable claim, which complies with all of the provisions set forth in the "Fair Credit Reporting Act," codified at [15 USC §§1681 et seq.] ?
**YES / NO**

48. What is the nature and cause which Debt Collector and/or Creditor rely upon for such claim, and what procedures were implemented in accord with the "Fair Credit Reporting Act" to investigate such claim, cited in #47 above, if answered
YES?

_____
_____
_____
_____

49. Does the Debt Collector and/or Creditor, have verifiable facts which they rely upon in order to provide the (Credit Reporting Agency) CRA, with information on alleged Debtor, which complies with the provisions set forth in [15 USC §1681s-2], and which is verifiable in accordance with [15 USC § 1692g] ?
**YES / NO**

50. What is the nature and cause which Debt Collector and/or Creditor rely upon for such verifiable facts, and what
procedures were implemented in accord with the above said provisions cited in #49 above, if answered
YES?_____

51. Did the Debt Collector and/or Creditor, advise the alleged Debtor of the numerous rights which he maintains as
accorded in the "Fair Debt Collections Practices Act" codified at [15 USC §§ 1692 et seq.]?
**YES / NO**

52. What is the nature and cause which the Debt Collector and/or Creditor relies upon which is verifiable, and clearly and accurately identifies how, and when the Debt Collector and/or Creditor, informed Debtor of such right accorded and cited in #51 above, if answered YES?

_____
_____

53. Does the Debt Collector and/or Creditor have any verifiable, articulable facts which they rely upon to furnish the
(Credit Reporting Agency) CRA, with unverified, inaccurate, erroneous information in violation of the provisions set forth in the "Fair Credit Reporting Act" [15 USC if 1681d, 1681i, 1681n, 1681o, 1681q, 1681s, 1681s-2]; and, The Unfair or Deceptive Act or Practices in Commerce in violation of 45(a) of the "Federal Trade Commission Act" codified [15 USCG 45(a)(b)]; and, "The Fair Debt Collection Practices Act" codified [15 USC if 1691(b)(c)(d)(e)(f)(g)(i)(j)(k)] ?
**YES / NO**

54. What is the nature and cause of these verifiable, articulable facts which Debt Collector and/or Creditor relies upon for providing unverified, inaccurate, erroneous information in violation of the provisions set forth and cited in #53 above, if answered YES, if answered NO, provide proof positive of verifiable facts relied upon under oath, affirmation, deposition and under penalty of perjury, that verifiable proof of claim exists;

Debt Collector's and/or Creditor's, failure/refusal, both intentional and otherwise, in completely, unambiguously answering points "1" through "54" above and returning this Debt Disclosure Statement, as well as providing Respondent with requisite verification validating he herein above reference alleged debt, constitutes the Debt Collector's and alleged Creditor's tacit acquiescence that Debt Collector and/or Creditor have no verifiable, lawful, bona fide claims against Respondent in above referred alleged account or any and all other alleged accounts not specifically enumerated herein.

Debt Collector and/or Creditor by it's/their failure/refusal to respond, and/or it's/their failure to provide each and every verified requisite proof as requested herein within the thirty(30) day time period allowed, will constitute the Debt Collector(s) and/or Creditor(s) waiver of any and all alleged claims against Respondent and indemnifies and holds harmless Respondent against any and all costs and fees heretofore and hereafter incurred, including but not limited to any and all related collection attempts involving the herein above referenced alleged account and any and all related accounts.

**Declaration:** The undersigned hereby declares under penalty of perjury of the laws of the State of CALIFORNIA and the United States of America, that the statements made in this "Debt Collector Disclosure Statement" are true, correct, complete and not misleading, in accordance with the Undersigned's first-hand, personal knowledge and belief.

_____
Date

_____
Official Title of Signatory

_____
Printed Name of Signatory

_____
Authorized Signature for Debt Collector, and/or Creditor, Undersigned.

Debt Collector must timely complete and return this "Debt Collection Disclosure Statement." Debt Collector's alleged claim will not be considered if any portion of this "Debt Collector Disclosure Statement" is not completed and timely returned with all required documents, which specifically includes the requisite verification, made in accordance with the law and codified in the "**Fair Credit Reporting Act**" at [15 USC § 1681et seq.] and the "**Fair Debt Collection Practices Act**" at [15 USC § 1692 et seq.], and which states in part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and "the threat to take any action that cannot be legally taken," all of which are violations of law. If the Debt Collector and/or alleged Creditor, do no respond as required by law, Debt Collector's and/or Creditor's alleged claim will not be considered and Debt Collector and/or alleged Creditor may be liable for any and all damages for any continued collection efforts, as well as any damnification sustained by Respondent. Please allow thirty (30) days for processing excluding the day of receipt after Respondent's and CRA(s) receipt of Debt Collector's and/or alleged Creditor's response.

**DEBT COLLECTOR DISCLOSURE STATEMENT**
**Page 6 of 7**

<u>JURAT/ACKNOWLEDGMENT</u>

State of CALIFORNIA)
Orange County)
On this day and date of _____, _____, 2019 A.D., Principal did personally appear before me, is known to be the **natural woman or man** operating in the requisite capacity for signature described herein, who executed the foregoing, acknowledged the contents thereof; and executed the same as **her or him** free act and deed. Subscribed and agreed to before the undersigned.


_____ Seal/Stamp
Notary Signature, All Rights Reserved

_____ My commission expires:_____
Printed name of Notary


**DEBT COLLECTOR DISCLOSURE STATEMENT**
**Page 7 of 7**

# Exhibit 9

June 6, 2019

Eric Hatteberg
2322 Calle Almirante
San Clemente, CA 92673


*Law Office of Harris and Zide*
1445 Huntington Drive, Suite 300
South Pasadena, CA. 91030


Re: Firm #TA022257 / Acct xxxxxxxxxx2076   (Certified Mail)


# *** NOTICE OF SUIT ***

Notice to principal is notice to agent. Notice to agent is notice to principal.



To Mr. Sarkis Karayan,



I am preparing to a file a lawsuit against you, Harris and Zide, and your client Bank of America pursuant to the FDCPA, all parts and sub-parts that apply, in Federal Court.

Signed by Eric Hatteberg without prejudice/ without recourse

