1  **MCGUIREWOODS LLP**
2  ETHAN SCHATZ (SBN 257919)
   Two Embarcadero Center
3  Suite 1300
   San Francisco, CA  94111-3821
4  Telephone:  415.844.9944
5  Facsimile:  415.844.9922
   eschatz@mcguirewoods.com
6
7  Attorneys for Defendant BANK OF AMERICA, N.A.

8

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13 ERIC HATTEBERG, an individual,, | CASE NO. 8:19-cv-01236-JFW-PLA |
| 14       Plaintiff, | The Hon. John F. Walter |
| 15     vs. | **BANK OF AMERICA, N.A.'S ANSWER TO THE COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES** |
| 16 BANK OF AMERICA, N.A., LAW OFFICE OF HARRIS AND ZIDE, | |
| 17      Defendants. | |
| 18 | Complaint Filed:      June 20, 2019 |

19

20

21

22

23

24

25

26

27

28

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Bank of America, N.A. ("BANA"), by and through its undersigned counsel and on behalf of itself and no other entity, answers the unverified Complaint ("Complaint") of Plaintiff Eric Hatteberg ("Plaintiff") as follows:

In answering the allegations in the Complaint, BANA denies any and all allegations contained in headings and/or un-numbered paragraphs in the Complaint. Further, except as expressly admitted or qualified below, BANA denies each and every allegation of the Complaint.

## PRELIMINARY STATEMENT

1. The allegations contained in Paragraph 1 constitute Plaintiff's characterization of the nature of this action and its claims, to which no response is required. The allegations contained in Paragraph 1 also contain legal conclusions to which no response is required. To the extent a response is required, BANA denies the allegations.

2. The allegations contained in Paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, BANA denies the allegations.

3. The allegations contained in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, BANA denies the allegations.

4. The allegations contained in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, BANA denies the allegations.

5. The allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, BANA denies the allegations.

## JURISDICTION

6. The allegations contained in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, BANA denies the

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

allegations.

7.      BANA admits that it does business in California. BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 regarding Defendant ZIDE, which are therefore, denied. The remaining allegations contained in Paragraph 7 are legal conclusions to which no response is required.   To the extent a response is required, BANA denies the allegations.

8.      BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, which are therefore, denied.

**VENUE**

9.      The allegations contained in Paragraph 9 are legal conclusions to which no response is required.   To the extent a response is required, BANA denies the allegations.

**PARTIES**

10.     The allegations contained in Paragraph 10 are legal conclusions to which no response is required.   To the extent a response is required, BANA denies the allegations.

11.     BANA admits the allegations in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 are legal conclusions to which no response is required.   To the extent a response is required, BANA denies the allegations.

13.     The allegations contained in Paragraph 13 are legal conclusions to which no response is required.   To the extent a response is required, BANA denies the allegations.

14.     The allegations contained in Paragraph 14 are legal conclusions to which no response is required.   To the extent a response is required, BANA denies the allegations.

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

15.    The allegations contained in Paragraph 15 are legal conclusions to which no response is required.   To the extent a response is required, BANA denies the allegations.

16.    BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, which are therefore, denied. The allegations contained in Paragraph 16 also contain legal conclusions to which no response is required.   To the extent a response is required, BANA denies the allegations.

17.    BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, which are therefore, denied. The allegations contained in Paragraph 17 also contain legal conclusions to which no response is required.   To the extent a response is required, BANA denies the allegations.

18.    The allegations contained in Paragraph 18 are legal conclusions to which no response is required.   To the extent a response is required, BANA denies the allegations.

19.    The allegations contained in Paragraph 19(a)-(f) are legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

## FACTUAL ALLEGATIONS

20.    The allegations contained in Paragraph 20 are legal conclusions to which no response is required.   To the extent a response is required, BANA denies the allegations.

21.    BANA admits that Plaintiff letters to BANA as alleged in Paragraph 21 and attached to the Complaint speak for themselves. BANA denies the remaining allegations in Paragraph 21.

22.    BANA admits that it received the alleged letters from Plaintiff.

23.    BANA admits that it received the alleged letters from Plaintiff addressed

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

1  to Mr. Moynihan.

2      24.    The allegations contained in Paragraph 24 are legal conclusions to which

3  no response is required.   To the extent a response is required, BANA denies the

4  allegations.

5      25.    The allegations contained in Paragraph 25 contain legal conclusions to

6  which no response is required.   To the extent a response is required, BANA denies

7  the allegations.

8      26.    The allegations contained in Paragraph 26 contain legal conclusions to

9  which no response is required.   To the extent a response is required, BANA denies

10 the allegations.

11     27.    The allegations contained in Paragraph 27 contain legal conclusions to

12 which no response is required.   To the extent a response is required, BANA denies

13 the allegations.

14     28.    The allegations contained in Paragraph 28 contain legal conclusions to

15 which no response is required.   To the extent a response is required, BANA denies

16 the allegations.

17     29.    The allegations contained in Paragraph 29 contain legal conclusions to

18 which no response is required.   To the extent a response is required, BANA denies

19 the allegations.

20     30.    The allegations contained in Paragraph 30 contain legal conclusions to

21 which no response is required.   To the extent a response is required, BANA denies

22 the allegations.

23     31.    BANA admits the allegations in Paragraph 31 that Plaintiff filed a

24 complaint against BANA with the CFPB.

25     32.    BANA admits that it responded to Plaintiff's CFPB complaint as

26 alleged in Paragraph 32.

27 ///

28 ///

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

33.     The allegations contained in Paragraph 33 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

34.     The allegations contained in Paragraph 34 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

35.     BANA denies the allegations in Paragraph 35.

36.     BANA denies the allegations in Paragraph 36.

37.     The allegations contained in Paragraph 37 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

38.     The allegations contained in Paragraph 38 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

39.     BANA denies the allegations in Paragraph 39, that any alleged balance was covered by an insurance policy. The remaining allegations contained in Paragraph 39 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

40.     The allegations contained in Paragraph 40 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

41.     The allegations contained in Paragraph 41 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

42.     BANA admits that it sent a letter to Plaintiff acknowledging that it processed a cease and desist request from Plaintiff. BANA denies the remaining allegations in Paragraph 42.

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

43.     The allegations contained in Paragraph 43 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

44.      The allegations contained in Paragraph 44 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

45.     BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, which are therefore, denied. The allegations contained in Paragraph 45 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

46.     BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, which are therefore, denied. The allegations contained in Paragraph 46 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

47.     BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, which are therefore, denied. The allegations contained in Paragraph 47 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

48.     BANA admits that Plaintiff sent BANA a Request of Admissions, which Plaintiff wanted BANA to respond to.

49.     BANA admits that it did not respond to Plaintiff's alleged Request for Admissions, since no response was required. BANA denies that it is bound by Plaintiff's alleged terms and conditions as alleged in Paragraph 49. The allegations contained in Paragraph 49 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

1    50.    BANA admits the allegations in Paragraph 50.

2    51.    The allegations contained in Paragraph 51 contain legal conclusions to

3  which no response is required.  To the extent a response is required, BANA denies

4  the allegations.

5    52.    The allegations contained in Paragraph 52 contain legal conclusions to

6  which no response is required.  To the extent a response is required, BANA denies

7  the allegations.

8    53.    BANA denies the allegations in Paragraph 53. The allegations

9  contained in Paragraph 52 also contain legal conclusions to which no response is

10 required.  To the extent a response is required, BANA denies the allegations.

11   54.    BANA denies the allegations in Paragraph 54.

12   55.    BANA admits that Plaintiff has acknowledged the receipt of the letter

13 alleged in Paragraph 55.

14   56.    BANA admits that Plaintiff has acknowledged sending the letter

15 alleged in Paragraph 56.

16   57.    BANA admits that Plaintiff has acknowledged sending the affidavit as

17 alleged in Paragraph 57.

18   58.    BANA is presently without knowledge or information sufficient to

19 form a belief as to the truth of the allegations in Paragraph 58(a)-(c), which are

20 therefore, denied. The allegations contained in Paragraph 58(a)-(c) also contain legal

21 conclusions to which no response is required.  To the extent a response is required,

22 BANA denies the allegations.

23   59.    BANA is presently without knowledge or information sufficient to

24 form a belief as to the truth of the allegations in Paragraph 59, which are therefore,

25 denied. The allegations contained in Paragraph 59 also contain legal conclusions to

26 which no response is required.  To the extent a response is required, BANA denies

27 the allegations.

28

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

60.     The allegations contained in Paragraph 60 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

61.     BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, which are therefore, denied. The allegations contained in Paragraph 61 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

62.     The allegations contained in Paragraph 62 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

63.     BANA admits the allegations in Paragraph 63.

64.     BANA admits that ZIDE responded to Plaintiff's AG complaint. The allegations contained in Paragraph 64 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

65.     The allegations contained in Paragraph 65 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

66.     BANA admits the allegations contained in Paragraph 66.

67.     BANA admits the allegations contained in Paragraph 67.

68.     BANA admits that Plaintiff acknowledges that he sent a letter as alleged in Paragraph 68. The remaining allegations contained in Paragraph 68 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

69.     BANA admits that it did not respond to Plaintiff's "Debt Collector Disclosure Statement" since no response is necessary for such documents. BANA is

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 related to ZIDE, which are therefore, denied.

70.     BANA admits that Plaintiff has acknowledged he sent the notice to ZIDE, attached as Exhibit 8 to Plaintiff's Complaint.

## CLAIMS

### COUNT I: Violation of the TCPA 47 U.S.C. § 227(b)(1)(A)(iii)
### Against Defendant BANA

71.     BANA incorporates herein each and every response stated above in paragraphs 1 through 70. The allegations contained in Paragraph 71 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

72.     BANA admits that the letter Plaintiff alleges from October 24, 2018, speaks for itself. The allegations contained in Paragraph 72 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

73.     BANA admits that the letter Plaintiff alleges from November 26, 2018, speaks for itself. The allegations contained in Paragraph 73 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

74.     BANA admits that it sent a letter to Plaintiff acknowledging that it processed a cease and desist request from Plaintiff. BANA denies the remaining allegations in Paragraph 74.

75.     The allegations contained in Paragraph 75 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

76.     The allegations contained in Paragraph 76 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

77.   The allegations contained in Paragraph 77 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

78.   The allegations contained in Paragraph 78 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

79.   BANA denies the allegations in Paragraph 79.

80.   BANA denies the allegations in Paragraph 80.

81.   BANA denies the allegations in Paragraph 81.

82.   BANA denies the allegations in Paragraph 82.

83.   BANA denies the allegations in Paragraph 83.

84.   The allegations contained in Paragraph 84 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

85.   BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, which are therefore, denied.

86.   BANA denies the allegations in Paragraph 86. The allegations contained in Paragraph 86 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

87.   The allegations contained in Paragraph 87 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

88.   The allegations contained in Paragraph 88 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

///

///

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

89.     The allegations contained in Paragraph 89 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

90.     The allegations contained in Paragraph 90 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

## COUNT II: Violation of the FDCPA 15 U.S.C. § 1692 et seq.

## Against Defendant BANA

91.     BANA incorporates herein each and every response stated above in paragraphs 1 through 90. The allegations contained in Paragraph 91 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

92.     BANA alleges that the demand notices Plaintiff alleges speak for themselves.

93.     The allegations contained in Paragraph 93 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

94.     The allegations contained in Paragraph 94 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

95.     The allegations contained in Paragraph 95 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

96.     The allegations contained in Paragraph 96 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

///

///

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

1         97.    The allegations contained in Paragraph 97 contain legal conclusions to
2  which no response is required.  To the extent a response is required, BANA denies
3  the allegations.

4         98.    The allegations contained in Paragraph 98 contain legal conclusions to
5  which no response is required.  To the extent a response is required, BANA denies
6  the allegations.

7         99.    The allegations contained in Paragraph 99 contain legal conclusions to
8  which no response is required.  To the extent a response is required, BANA denies
9  the allegations.

10        100.   The allegations contained in Paragraph 100 contain legal conclusions to
11 which no response is required.  To the extent a response is required, BANA denies
12 the allegations.

13        101.   The allegations contained in Paragraph 101 contain legal conclusions to
14 which no response is required.  To the extent a response is required, BANA denies
15 the allegations.

16        102.   The allegations contained in Paragraph 102 contain legal conclusions to
17 which no response is required.  To the extent a response is required, BANA denies
18 the allegations.

19        103.   The allegations contained in Paragraph 103 contain legal conclusions to
20 which no response is required.  To the extent a response is required, BANA denies
21 the allegations.

22        104.   The allegations contained in Paragraph 104 contain legal conclusions to
23 which no response is required.  To the extent a response is required, BANA denies
24 the allegations.

25        105.   The allegations contained in Paragraph 105 contain legal conclusions to
26 which no response is required.  To the extent a response is required, BANA denies
27 the allegations.

28

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

1   106.   The allegations contained in Paragraph 106 contain legal conclusions to

2   which no response is required.  To the extent a response is required, BANA denies

3   the allegations.

4   **COUNT III: Violation of the FDCPA 15 U.S.C. § 1692 et seq.**

5   **Against Defendant ZIDE**

6   107.   BANA incorporates herein each and every response stated above in

7   paragraphs 1 through 106. The allegations contained in Paragraph 107 also contain

8   legal conclusions to which no response is required.  To the extent a response is

9   required, BANA denies the allegations.

10   108.   The allegations contained in Paragraph 108 contain legal conclusions to

11   which no response is required.  To the extent a response is required, BANA denies

12   the allegations.

13   109.   The allegations contained in Paragraph 109 contain legal conclusions to

14   which no response is required.  To the extent a response is required, BANA denies

15   the allegations.

16   110.   The allegations contained in Paragraph 110 contain legal conclusions to

17   which no response is required.  To the extent a response is required, BANA denies

18   the allegations.

19   111.   The allegations contained in Paragraph 110(a)-(d) contain legal

20   conclusions to which no response is required.  To the extent a response is required,

21   BANA denies the allegations.

22   112.   BANA is presently without knowledge or information sufficient to

23   form a belief as to the truth of the allegations in Paragraph 112, which are therefore,

24   denied. The allegations contained in Paragraph 112 also contain legal conclusions to

25   which no response is required.  To the extent a response is required, BANA denies

26   the allegations.

27   113.   BANA is presently without knowledge or information sufficient to

28   form a belief as to the truth of the allegations in Paragraph 113, which are therefore,

denied. The allegations contained in Paragraph 113 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

114.   BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, which are therefore, denied. The allegations contained in Paragraph 114 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

115.   BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, which are therefore, denied. The allegations contained in Paragraph 115 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

116.   BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, which are therefore, denied. The allegations contained in Paragraph 116 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

117.   BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, which are therefore, denied. The allegations contained in Paragraph 117 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

118.   BANA is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, which are therefore, denied. The allegations contained in Paragraph 118 also contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

119.   The allegations contained in Paragraph 119 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

120.   The allegations contained in Paragraph 120 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

## ARTICLE III STANDING TO BRING SUIT

121.   The allegations contained in Paragraph 121(a)-(c) contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

## JURY TRIAL DEMAND

122.   The allegations contained in Paragraph 122 contain legal conclusions to which no response is required.  To the extent a response is required, BANA denies the allegations.

## REQUEST FOR RELIEF

123.   BANA denies that Plaintiff is entitled to any of the relief sought in Plaintiff's Request for Relief (a)-(g).

## AFFIRMATIVE DEFENSES

BANA reserves the right to rely upon the following affirmative defenses to the claims asserted in the Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff and with the reservation of the right to amend or supplement the responses to the Complaint, as well as its affirmative defenses, as information is gathered through discovery:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.   Plaintiff fails to allege facts sufficient to state any claim against BANA upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Laches/Estoppel)

2.  Plaintiff's claims are barred by the doctrines of laches and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3.  Plaintiff has waived any and all claims, rights and demands that he has had or may have against BANA, and any claims by Plaintiff asserted herein are subject to that waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

4.  BANA met or exceeded the requirements of applicable laws, regulations, and standards applicable to BANA.

## FIFTH AFFIRMATIVE DEFENSE

### (Contribution)

5.  Any and all harm alleged by Plaintiff can be attributed to several causes, and the damages for the harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## SIXTH AFFIRMATIVE DEFENSE

### (Offset)

6.  BANA is entitled to an offset to the claims set forth in the Complaint sufficient to diminish or defeat Plaintiff's recovery thereunder.

## SEVENTH AFFIRMATIVE DEFENSE

### (Several Liability)

7.  Should Plaintiff prevail against BANA, BANA's liability is several and limited to its own actionable segments of fault, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff)

8.  If Plaintiff suffered or sustained any loss, injury, damage or detriment,

the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, and/or activities of Plaintiff and not by BANA.  Plaintiff's claims are barred or reduced by his own negligence, mistake or fraud.

## NINTH AFFIRMATIVE DEFENSE

### (No Damages)

9. Plaintiff did not incur any damages or loss as a result of any act or conduct by BANA.

## TENTH AFFIRMATIVE DEFENSE

### (Causation)

10. Plaintiff fails to show that any alleged acts or omissions of BANA caused the injuries or damages claimed by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

11. Any damage or loss Plaintiff did incur as a result of any act or conduct by BANA would be speculative at best and thus too uncertain for recovery.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith/Conformance with Applicable Standards)

12. With respect to all matters alleged in the Complaint, BANA at all times acted in good faith and in conformance with all applicable government and industry standards, thus precluding any recovery by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

13. Plaintiff has failed, in whole or in part, to mitigate his alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

14. Plaintiff would be unjustly enriched if allowed to recover under the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Ratification/Consent)

15.     Plaintiff ratified or consented to the actions and conduct of BANA. Thus, to the extent Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by Plaintiff's own ratification/consent of the conduct giving rise to his alleged damages and/or Plaintiff's own conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct, and not by BANA.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

16.     Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Malice)

17.     BANA specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiffs or others.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Clam for Punitive Damages)

18.     The Complaint fails to state facts sufficient to entitle Plaintiff to recover punitive damages because it fails to state facts sufficient to show any willfulness, oppression, fraud or malice by BANA towards Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's damage claims and requests for statutory fines and penalties are barred or must be reduced to the extent they are excessive, disproportionate, or otherwise violative of the United States Constitution, including but not limited to the Due Process Clause of the Fourteenth Amendment, *BMW of North Am., Inc. v. Gore*, 517 U.S. 559 (1996), and the Eighth Amendment, *U.S. v. Bajakajian*, 524 U.S. 321 (1998).

## TWENTIETH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

20.     BANA has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  BANA therefore reserves the right to assert additional affirmative defenses and to amend the Answer accordingly in the event discovery indicates that they may be appropriate.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant Bank of America, N.A., prays:

1.     That Plaintiff take nothing by way of his Complaint;

2.     That BANA be awarded its costs of suit incurred herein;

3.     That BANA be awarded its attorney's fees to the extent provided by law;

4.     That judgment be entered in favor of BANA; and

5.     That BANA be granted such other relief as the Court deems just and proper.

DATED: July 19, 2019                    Respectfully submitted,

MCGUIREWOODS LLP

By: /s/ *Ethan Schatz*
          Ethan Schatz
          Attorneys for Defendant BANK OF
          AMERICA, N.A.

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I, Ethan Schatz, certify that on July 19, 2019, the foregoing document entitled **BANK OF AMERICA, N.A.'S ANSWER TO THE COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES** was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

> */s/ Ethan Schatz*
> Ethan Schatz

CERTIFICATE OF SERVICE

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am employed in the County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Two Embarcadero Center, Suite 1300, San Francisco, CA 94111-3821.

On July 19, 2019, I served the following document(s) described as **BANK OF AMERICA, N.A.'S ANSWER TO THE COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

> Eric Hattleberg                                          In Pro Per
> 2322 Calle Almirante
> San Clemente, CA 92673
> Tel: 949-370-0051

☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at San Francisco, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed on July 19, 2019, at San Francisco, CA.

_____
Monica Clemens