1  Eric Hatteberg
2  2322 Calle Almirante
3  San Clemente, CA  92673
4  949-370-0051
5  gabwitheric@yahoo.com
6
7
8
9            **UNITED STATES DISTRICT COURT**
10           **CENTRAL DISTRICT OF CALIFORNIA**
11
12  Eric Hatteberg, an individual,          Case No.:  8:19-cv-01236 JFW PLAx
13              Plaintiff,
14        vs.                               **Joint Rule 26(f) Report**
15  BANK OF AMERICA, N.A. et al,
16           Defendant(s)                   **Scheduling Conference:**
17                                          Date: September 9, 2019
18                                          Time: 1:15pm
19
20                                          Honorable  John F. Walter
21
22
23        In compliance with the Court's July 22, 2019 Scheduling Order, Federal
24  Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Eric Hatteberg, as Pro
25  Se ("Plaintiff"), Defendant Bank of America, N.A. ("BANA"), and Defendant Law
26  Office of Harris and Zide ("ZIDE"), by and through their respective counsel of
27  record, (collectively the "Parties"), respectfully submit the following Joint Report.
28

1     Plaintiff and Defendant BANA met and conferred on July 30, 2019 in order
2   to prepare this Joint Report.  Plaintiff and Defendant ZIDE met and conferred on
3   August 2, 2019 in preparation of this Joint Report.

4   **I.    SUBJECT MATTER JURISDICTION**

5     Jurisdiction of the Court arises under 28 U.S.C. §1331. No issues exist
6   regarding personal jurisdiction or venue, and all Parties have been served.

7   **II.   FACTUAL BACKGROUND**

8     Plaintiff:

9     Bank of America ("BANA") alleged Plaintiff was obligated on a transaction
10  account ("Account").  Plaintiff disputed the amount owed and terms of the alleged
11  Account beginning October 2018 and made a request for a copy of the signed
12  application or Agreement ("Agreement") clearly outlining all terms and conditions
13  on the alleged Account in question on three separate occasions.  BANA was unable
14  to provide an acceptable document where Plaintiff clearly assented or consented to
15  the terms of the Account. BANA, in an attempt to contract with Plaintiff, provided
16  Account statements in lieu of a signed Agreement.  Plaintiff rejected and refused
17  all offers to contract on "account stated".  Plaintiff denied there was any balance
18  due other than $0.00 and requested that BANA mark his trade line as "disputed"
19  with the three credit reporting agencies ("CRA").  BANA continued its collections
20  efforts in violation of the Fair Debt Collections Practices Act ("FDCPA") by
21  misstating or misrepresenting the amount of the alleged debt; attempting to collect
22  an amount that was not expressly authorized by any alleged Agreement, and by not
23  marking Plaintiff's trade line as "disputed".

24    BANA processed a "cease and desist" order not to contact Plaintiff's cellular
25  phone in November 2018.  Plaintiff received six (6) phone calls after this date in
26  violation of the Telephone Consumer Protection Act ("TCPA").   All calls
27  originated from a number known to be used for debt collection purposes and the
28  recording on the phone states "please be advised we are a debt collector"

Law Office of Harris and Zide ("ZIDE") was assignee of BANA and continued collections efforts, and Plaintiff promptly appraised ZIDE of the facts of the alleged Account by providing a sworn affidavit in March 2019. Plaintiff also revoked any consent ZIDE had to contact Plaintiff further. ZIDE continued its contact and collections efforts in direct violation of FDCPA by misstating or misrepresenting the amount of the alleged debt; attempting to collect an amount that was not expressly authorized by any alleged Agreement and by contacting Plaintiff after consent was revoked.

**Defendant BANA:**

BANA denies any wrongdoing as alleged by Plaintiff in his Complaint, and denies that it violated any state or federal laws in connection with the collection activity of Plaintiff's defaulted credit card account. Concerning Plaintiff's contention that he does not owe any money on his defaulted credit card, BANA expressly denies that allegation. BANA retained ZIDE to collect on the sums owed by Plaintiff, and Plaintiff by his actions agreed to the terms and conditions of the credit card at issue, including charging sums and making payments before defaulting on the credit card account. BANA expressly denies that it has violated any provision of the FDCPA in connection with the collection of Plaintiff's debt. After receiving Plaintiff's cease and desist request, BANA stopped making collection calls regarding Plaintiff's account. BANA expressly denies it has violated the TCPA.

**Defendant ZIDE:**

ZIDE denies it is an assignee of BANA. ZIDE is a law firm retained by BANA to represent it regarding the collection of sums owed to it. ZIDE denies any liability or wrongdoing. Specifically, ZIDE denies it violated any federal or state laws including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). ZIDE asserts its actions were in compliance with the FDCPA and necessary to seek enforcement of its client's rights in State

1    Court. ZIDE relies on the First Amendment prohibition against statutes abridging
2    the right to petition the government for redress of grievances.

3    **III.   LEGAL ISSUES**
4          Plaintiff:
5          The principal issues are whether Defendant(s)' conduct violated the Fair
6    Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* which prohibit unlawful
7    debt collection practices and was enacted to protect the "least sophisticated
8    consumer"; and the Telephone Consumer Protections Act, 47 U.S.C. §227 *et seq.*
9    which protects consumers from receiving harassing, intrusive and unwanted phone
10   calls.   The Parties are not aware of any unusual procedural, substantive, or
11   evidentiary issues.

12         **Defendant BANA:**
13         BANA agrees that Plaintiff's Complaint seeks to address alleged conduct
14   purporting to violate the FDCPA and the TCPA. However, BANA believes that the
15   facts in the case will clearly demonstrate that no such violations took place against
16   Plaintiff by BANA. There are no unusual procedural, substantive, or evidentiary
17   issues currently identified by BANA.

18         **Defendant ZIDE:**
19         H&Z's response to Plaintiff's request for validation complied with all
20   applicable laws. H&Z did not at any time use any false, threatening, deceptive, or
21   misleading communication. To the extent that a factfinder may find to the contrary,
22   then any such error occurred notwithstanding procedures reasonably adapted to
23   avoid such error. To the extent that plaintiff claims that any communication made
24   within or related to litigation can constitute a statutory tort, the claim is precluded
25   by the First Amendment to the United States Constitution.

26   **IV.   MOTIONS**
27         Plaintiff:
28

4

1   There are no prior or pending motions.  Plaintiff does not anticipate the
2   filing of any motions at this time, however Plaintiff reserves the right to file all
3   appropriate motions.

4   **Defendant BANA:**
5   BANA agrees.

6   **Defendant ZIDE:**
7   ZIDE agrees.

8   **V.**    **AMENDING THE PLEADINGS**
9   Plaintiff:
10  The Parties do not anticipate the need to amend the pleadings further or to
11  add additional Parties; however, Plaintiff requests the ability to amend pleadings, if
12  necessary, until the date of the Discovery cut-off.

13  **Defendant BANA:**
14  BANA agrees.

15  **Defendant ZIDE:**
16  ZIDE agrees.

17  **VI.**   **INITIAL DISCLOSURES**
18  The Parties agree to comply with the provisions of Federal Rule of Civil
19  Procedure 26(a)(1)(c) by providing initial disclosures no more than 14 days after
20  the Scheduling Conference on September 9, 2019.

21  **VII.**  **DISCOVERY PLAN AND STATUS**
22  No discovery has been taken to date.

23  The Parties anticipate discovery will be needed on all allegations, claims,
24  theories of liability, damages and affirmative defenses alleged in the Complaint
25  and Answers.  Discovery will be conducted by, but not limited to, depositions,
26  interrogatories, requests for admission, and requests for production. Parties may
27  also undertake non-party discovery to determine the facts surrounding Plaintiff's
28

claims. The Parties do not anticipate any required changes or modifications to the Rules governing discovery.

The Parties do not presently anticipate any discovery disputes. The Parties may require the entry of a stipulated protective order prior to the production of confidential information of Defendant BANA or confidential information of Plaintiff. Once the Parties confer regarding the terms of the stipulated protective order, the same shall be submitted for the Court's approval.

## VIII. **RELATED CASES**

Plaintiff has a related case in Orange County Superior Court, Case# 30-2019-01070821-CL-CL-CJC, and said case was documented in his Complaint.

**Defendant BANA:**

BANA agrees.

**Defendant ZIDE:**

ZIDE agrees.

## IX. **RELIEF SOUGHT IN THE COMPLAINT**

Plaintiff is seeking the following damages:

(a) Statutory damages

    (i) $1,000 for FDCPA violation against ZIDE

    (ii) $1,000 for FDCPA violation against BANA

    (iii) $500 per TCPA violation against BANA (x6= $3,000.00)

    (iv) $1,500 per willful TCPA violation against BANA (x6= $9,000)

(b) Filing Fees

(c) Process server cost, printing cost, and postage

(d) For any other relief as the Court may deem proper.

Plaintiff understands the FDCPA is a strict liability statute that provides damages upon the showing of one violation and pursuant to FDCPA 15 U.S.C. § 1692k(a)(1) and (a)(2)(A) ........."such damages as the Court may allow, but not exceeding $1,000."

6

Plaintiff further understands the TCPA is also a strict liability statute that creates a private right of action with each violation resulting in damages of no less than $500, which may be trebled for willful or knowing violations pursuant to 47 U.S.C. §227(b)(3)(B)-(C)

**Defendant BANA:**

BANA denies that Plaintiff is entitled to any damages in this matter, but agree that Plaintiff has set forth the relief he is seeking.

**Defendant ZIDE:**

ZIDE agrees that plaintiff has accurately set forth the relief he is seeking.

**X.     CERTIFICATION OF INTERESTED PARTIES**

Plaintiff has filed the required certification and restates that the Plaintiff in this matter is an individual.

**Defendant BANA:**

BANA has filed the required certification including a amended certification as follows:

Bank of America, N.A. is wholly owned by BANA Holding Corporation ("BANA Holding"). BANA Holding is a direct, wholly owned subsidiary of BAC North America Holding Company ("BACNAH"). BACNAH is a direct, wholly owned subsidiary of NB Holdings Corporation ("NB Holdings). NB Holdings is a direct, wholly owned subsidiary of Bank of America Corporation. Bank of America Corporation is a publicly held company whose shares are traded on the New York Stock Exchange and has no parent corporation. Based on the U.S. Securities and Exchange Commission Rules regarding beneficial ownership, Berkshire Hathaway Inc., 3555 Farnam Street, Omaha, Nebraska 68131, beneficially owns greater than 10% of Bank of America Corporation's outstanding common stock.

**Defendant ZIDE:**

ZIDE has filed the required certification and restates that Flint C. Zide is the sole owner.

## XI.  PROPOSED DATES LEADING TO TRIAL DATE

The Parties jointly propose the following dates:

(a)    Discovery cut-off date:  February 28, 2020

(b)    Final motion cut-off date:  May 25, 2020

(c)    Final Pretrial Conference date:  June 29, 2020

(d)    Trial date:  July 27, 2020

## XII.  TRIAL ESTIMATES

Plaintiff has demanded a jury trial.  The Parties estimate the trial should take no more than 2-3 days

## XIII. SETTLEMENT DISCUSSIONS

Plaintiff provided a settlement demand per the request of Defendant BANA on July 25, 2019.  Plaintiff has agreed to a settlement with Defendant ZIDE.

**Defendant BANA:**

BANA through counsel, has spoken with Plaintiff regarding his settlement demand, and will continue to try to resolve this matter with good faith settlement negotiations.

**Defendant ZIDE:**

ZIDE agreed to a settlement with Plaintiff.

## XIV. COMPLEXITY OF CASE

The Parties agree the case is not complex and does not require reference to the manual for complex litigation.

## XV.  DISPOSITIVE MOTIONS

Plaintiff does not anticipate filing any dispositive or partially dispositive motions at this time, but retains his right to file all appropriate motions as necessary.

**Defendant BANA:**

8

BANA anticipates bringing a motion for summary judgment if a settlement cannot be reached.

**Defendant ZIDE:**

ZIDE anticipates possible bringing a motion for summary judgment if a settlement is not reached.

## XVI. <u>LEGAL ISSUES</u>

The Parties agree there are no unusual legal issues presented in this case.

## XVII. <u>SEVERANCE, BIFURCATION, ORDERING OF PROOF</u>

The Parties do not anticipate severance, bifurcation or other ordering of proof will be required based on the current pleadings.

## XVIII. <u>ELECTRONIC FILING CONFIRMATION</u>

Plaintiff is registered to receive electronic notifications (gabwitheric@yahoo.com) within the ECF system, however as Pro Se, he will file all required documents with the Clerk of the Court and provide certificate of service through U.S. Postal service.

**Defendant BANA:**

BANA through counsel is registered to receive electronic notifications with the ECF system at eschatz@mcguirewoods.com.

**Defendant ZIDE:**

ZIDE is registered to receive electronic notifications (fzide@harrisandzide.com) with the ECF system.

9

1   Respectfully submitted on this day of _*August 23, 2019*_

2

3

4

5                               Eric Hatteberg, Plaintiff, Pro Se

6                               2322 Calle Almirante

7                               San Clemente, CA 92673

8                               (949) 370-0051

9                               gabwitheric@gmail.com

10

11

12   DATED: August 22, 2019          Respectfully submitted,

13                               MCGUIREWOODS LLP

14

15

16                               By: /s/ *Ethan Schatz*

17                                      Ethan Schatz
                                    Attorneys for Defendant BANK OF
18                                  AMERICA, N.A.

19

20

21

22   DATED: August 21, 2019          Respectfully submitted,

23                               LAW OFFICES OF HARRIS & ZIDE

24

25

26                               By: /s/*Flint C. Zide*

27                                      Flint C. Zide
                                    Attorneys for Defendant Law Office of
28                                  Harris and Zide

1

## CERTIFICATE OF SERVICE

2       I, Eric Hatteberg, filed with the clerk of the court, the above NOTICE on

3   August 23, 2019, and sent a copy to counsel on record via postal mail.

4

5   Flint Zide
    LAW OFFICE OF HARRIS AND ZIDE
6   1440 Huntington Drive, Suite 300
7   South Pasadena, CA. 91030
    Tel:
8   Attorney for Defendant ZIDE
9   fzide@harrisandzide.com

10  Ethan Schatz (Bar No. 257919)
11  MCGUIRE WOODS LLLP
12  Two Embarcadero Center, Suite 1300
    San Francisco, CA. 94111-3821
13  Tel: 415-844-9944
14  Attorney for Defendant BANA
    eschatz@mcguirewoods.com
15

16

17

18                                  Eric Hatteberg, Plaintiff, Pro Se
19                                  2322 Calle Almirante
                                    San Clemente, CA. 92673
20                                  (949)370-0051
21                                  gabwitheric@gmail.com

22

23

24

25

26

27

28